UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SULLIVAN TIRE OF MAINE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:26-cv-00257-JAW |
| CENTRAL TIRE CO., INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

On May 15, 2026, Sullivan Tire of Maine, LLC and Sullivan Tire, Co., Inc. (collectively, Plaintiffs) filed a verified complaint alleging several violations of state and federal law against Central Tire Co., Inc., Rene Therrien, Douglas Therrien, and Jeffrey Therrien. *Verified Compl. (Inj. Relief Sought)* (ECF No. 1). That same day, Plaintiffs also filed a motion for "immediate" preliminary injunctive relief. *Mot. for Prelim. Inj. (Req. for Immediate Relief)* (ECF No. 5).[1]

Based on these filings, it is not clear to the Court whether Plaintiffs' motion is a request for a temporary restraining order (TRO) or a standard motion for preliminary injunction. Although the motion is titled motion for a "preliminary injunction," the title further states that the Plaintiffs are making a "request for

---

[1] The Clerk's Office initially interpreted the Plaintiffs' filings as a motion for temporary restraining order, but in anticipation of this order, they have recharacterized the docket entry to reflect that the motion is a standard request for a preliminary injunction. *Id.*

immediate relief." *Id.* Accordingly, the Court views the motion as something of a hybrid between a motion for TRO and a motion for preliminary injunction.

To the extent Plaintiffs seek a TRO, the Court dismisses their request without prejudice. Yesterday, Plaintiffs' counsel represented to the Clerk's Office that they do not know who will represent the defendants in this matter, or whether the defendants have obtained counsel at this time. Because they do not know who will represent the defendants, their request for immediate relief amounts to a motion for an "ex parte" TRO, which requires strict compliance with Federal Rule of Civil Procedure 65(b)(1). FED. R. CIV. P. 65(b)(1)(A)-(B); *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 438-439 (1974). However, Plaintiffs have not complied with the requirements of Rule 65 for issuing a TRO ex parte. They have not complied with Rule 65(b)(1)(A)'s requirement that they show specific facts by affidavit or verified complaint that immediate and irreparable injury will result to them before the defendants can be heard in opposition,[2] and they have not complied with Rule 65(b)(1)(B)'s requirement that the movants' attorney certify in writing any efforts made to give notice and the reasons it should not be required. FED. R. CIV. P. 65(b)(1)(A)-(B). Thus, the Court is unable to comply with Rule 65(b)(2), which requires the Court to state why the order is being issued without notice. FED. R. CIV. P. 65(b)(2).

---

[2] The Plaintiffs filed a verified complaint, but neither the complaint nor the motion address this specific requirement of Rule 65.

Therefore, the Court DISMISSES without prejudice Plaintiffs' Motion for Preliminary Injunction (Request for Immediate Relief) (ECF No. 5), to the extent it seeks an ex parte temporary restraining order.  To the extent Plaintiffs' motion seeks a preliminary injunction, the Court will proceed on the motion in the ordinary course.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2026